IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome W. James, | ) | C/A No. 0:11-1562-DCN-PJG |
| Plaintiff, | ) | |
| vs. | ) | |
| A. J. Padula, *Warden*; | ) | **REPORT AND** |
| Nolan, *Associate Warden*; | ) | **RECOMMENDATION** |
| Lt. Commander; | ) | |
| Major Dean; | ) | |
| Lt. Durant, *Contraband*; | ) | |
| Cpt. Cribb; | ) | |
| Sgt. Roach; | ) | |
| Nurse McDonald; | ) | |
| Ms. Cox, *Mental Health*, | ) | |
| Defendants. | ) | |

The plaintiff, Jerome W. James ("Plaintiff"), filed this action pursuant to 40 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on James's motion for a "Preliminary Injunction/Temporary Restraining Order." (ECF No. 3.) James's motion appears to reallege several issues in his Complaint relating to the condition of his cell, lack of medical attention, and a prior assault by a inmate. He requests that he be moved to a different prison. (Id. at 2.) In a separately filed order, the undersigned has directed Plaintiff to bring this case into proper form by submitting a separate USM-285 form for each named defendant.

PJG

Plaintiff has requested an *ex parte* temporary restraining order ("TRO") in this matter.[1]  A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.  Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Plaintiff has not fully complied with the notice requirements of Rule 65(b) of the Federal Rules of Civil Procedure requiring that the movant certify in writing any efforts to contact the defendants about the requested relief.  See Fed. R. Civ. P 65(b).  "In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted.  Many judges have properly insisted that, when time does not permit a formal notice of the application to the adverse party, some expedient, such as telephonic notice to the attorney for the adverse party, be resorted to if this can reasonably be done."  Id. advisory committee note; see also 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2952 at 273 (2d

---

[1] Because Plaintiff's motion has not been served on the defendants, the court is treating the motion as one under Rule 65(b) of the Federal Rules of Civil Procedure rather than Rule 65(a).



1995). Here, although Plaintiff's filings indicate that he is aware of the identity of the defendants, he has failed to certify any effort made to give them notice and has offered no reason why notice to all parties should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Accordingly, Plaintiff has failed to meet Rule 65(b)'s standard for the issuance of a temporary restraining order without notice. Thus, to the extent his motion seeks an *ex parte* restraining order, it should be denied.

### RECOMMENDATION

The court recommends that, to the extent it seeks an *ex parte* temporary restraining order under Rule 65(b), Plaintiff's motion be denied. Since the above-captioned case is not in proper form because of the lack of USM-285 forms, the defendants cannot be served with any pleadings until Plaintiff submits the needed service documents. If Plaintiff timely submits the needed service documents, the motion for preliminary injunction should be served upon the defendants at the time of service of the Complaint and the defendants should be required to respond to Plaintiff's motion expeditiously following service.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).